Pratt, J.
The plaintiffin this action has fallen into the error that the possession of the premises by the defendant was such as to render the deed given by the plaintiff, prior to the commencement of this suit, void under section 147 of 1 Rev. Stat., 739.
Both parties claim under the will of Rebecca Smith; and, taking it for granted that the premises in dispute passed by said will in fee to Maria A. Brown, and subsequently became vested by said mortgage, decree and sale, in the plaintiff, the first question to be determined is, whether this suit is properly brought in the name of the plaintiff, she having conveyed the property to one Norwood, prior to the commencement of the suit.
At the time of the conveyance by plaintiff to Nor-wood, the defendant was in possession of the premises, claiming title thereto, but it was not such a holding and possession as rendered the said deed void under the statute quoted.
The defendant, it is true, held adversely to the claim of the plaintiff, and claimed title herself under said will; but she did not hold or “ claim under a title” adverse to that of plaintiff.
A party may hold adverse possession of premises, claiming title; but to bring a case within the champerty act, the party must hold, claiming under a title adverse. The distinction is clearly made by the words *280 of the statute, between the act of holding adversely, and the nature of the title. Adverse possession for twenty years, bars an action under the statute of limitations, although no specified claim of title is made, but under the act against champerty, there must be a specific title, adverse, in its nature, to the grantor’s claim.
The will is the foundation and source of the plaintiff’s title ; it is through that instrument that plaintiff. claims to have received the premises. The plaintiff not only claims that the will passed a good title to Maria A. Brown and the defendant, but that such title subsequently passed by the mortgage and .sale to the plaintiff.
Assuming that this claim is established, then it follows that the defendant, at the time of the transfer by plaintiff to Norwood, did not hold the premises claiming under a title adverse to the title of plaintiff. It was the same title under which the plaintiff claimed the premises. In no sense was the defendant’s assertion of title opposed to the title claimed by the plaintiff.
It is now well settled that, in order to bring a deed givón by one out of possession within the meaning of 1 Rev. Stat., 739, § 147, the party in possession must hold under the claim of some specific title opposed to the title of the grantor iri the deed.
But, did the claim of defendant amount to more than a general assertion of ownership, irrespective of any particular titlé, she could not claim under the will, if the plaintiff’s theory is correct, for she had conveyed that title in the mortgage under which plaintiff claims title, and she makes no other claim; hence, it follows, that at the time Norwood received the deed of these premises, the defendant was not in possession of the same, claiming under a specific title adverse to the plaintiff.
*281 . In no event can this suit be maintained in the name of the present plaintiff.
I do not deem it necessary to discuss the questions whether defendant would be estopped from disputing the validity of the mortgage in a suit brought by the real party in interest, or whether the defendant and Maria A. Brown had any power to make the mortgage, or whether any matters sought to be litigated in this action are “res adjudicada.”
If the plaintiff acquired any title under her purchase at the foreclosure sale, it passed by the deed she gave to Norwood, and she thereupon ceased to have any interest in the subject matter of the action.
Complaint dismissed with costs, upon the ground above -stated.